**Stewart v. Uniroyal, Inc.**

*Thomas Hollander* and *Evans, Ivory & Evans,* for plaintiff.

*William L. Standish; Reed, Smith, Shaw & McClay; William W. Guthrie; Wayman, Irvin, Trushel & Mc-Auley; John E. Kunz; Meyer, Darragh, Buckler, Bebenek & Eck; Warren S. Reding; Reding, Blackstone, Rea & Sell; Thomas D. Thomson; Thomson, Rhodes & Grigsby; Daniel J. Weis;* and *Weis & Weis,* for defendants.

WENTLEY, J., February 28, 1972.—Plaintiff in the above matter filed a motion seeking the production of a transcription of a recorded statement given by defendant, Duane S. Proctor, to a representative of the Nationwide Insurance Company. It is averred in the motion that at the time of the deposition of defendant Proctor, he was unable to recall many of the events surrounding the explosion of a tire and rim assembly which caused serious personal injuries to plaintiff. It is further averred that defendant Proctor stated that some two weeks subsequent to the accident he gave a detailed statement to a representative of the Nationwide Insurance Company and, if given the opportunity to hear the recorded statement, his memory would be refreshed.

Plaintiff's motion raises questions which have long plagued both Federal and State courts since the introduction of modern methods of pretrial discovery. Plaintiff's motion clearly satisfies the requirement that the matter sought be relevant and of substantial assistance in preparation for trial. However, defendant contends that inasmuch as the statement was acquired in anticipation of litigation, its discovery is barred by subsection (d) of Pennsylvania Rule of Civil Procedure 4011, which provides as follows:

"No discovery or inspection shall be permitted which . . .

"(d) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses; . . ."

The foregoing rule is, of course, predicated on the holding of the United States Supreme Court in the landmark case of Hickman v. Taylor, 329 U.S. 495 (1947). It is important to note that the proscription contained in this subsection is broader than the pronouncement of the Supreme Court. The courts have, however, consistently held in favor of the production of materials in order to avoid surprise at trial and to eliminate those trial tactics which, in the past, tended to make litigation almost a sporting adventure rather than a searching inquiry into factual issues in order that justice may be obtained. For a truly outstanding review of the history surrounding this issue and an incisive analysis of the present-day view, see Judge Silvestri's opinion in Gallaher v. Yellow Cab, July term, 1970, no. 2605.

In the Gallaher case, Judge Silvestri distinguished between a written report submitted by the driver of the taxicab which was involved in the accident and the report prepared by the supervisor of the taxicab company. The court felt that a driver's report to his employer concerning the accident was part of his routine duties without regard to the possibility of subsequent litigation. Therefore, such a report was subject to discovery. However, the report of the supervisor which entailed investigation, interviews and analysis was truly a "work product" and not subject to discovery.

In the present case the statement in question was taken by a representative of an insurer of one of the defendants. It was clearly his duty in taking such statement to prepare the case for evaluation and preparation for possible litigation. The very nature of the business of an insurance company is such that the court is convinced that these investigations are for the dual purpose of paying claims or, in the event the claim is denied, preparing for trial. Consequently, the court finds that this statement was taken in preparation for or anticipation of litigation and, therefore, falls within the protection of subsection (d) of rule 4011 and is not subject to inspection by an adversary.

And now, to wit, February 28, 1972, for the reasons set forth in the attached opinion, plaintiff's motion for production is hereby denied.